## Vicchiarelli v. Vicchiarelli

*Anthony D. Miele,* for plaintiff.
*T. Max Hall,* for defendant.

GREEVY, *P.J.,* December 24, 1975—This is an action in equity praying for the partition of certain real estate owned by the parties. Plaintiff's brief refers to the issue as, "Is Plaintiff Entitled to Partition?" If that were the only issue, then there would be nothing for this court to resolve, as defendant agrees in her brief that the "[p]laintiff does have a right to partition." However, defendant claims that plaintiff's interest is subject to a life estate in defendant, allegedly agreed upon by the parties and set forth in a separation agreement dated September 30, 1965.

At trial, the court accepted certain testimony subject to the court's future ruling on objections thereto. The court now overrules those objections and accepts the testimony as given at trial. After consideration of the testimony, exhibits, briefs and oral argument, we make the following

## FINDINGS OF FACT

1. Plaintiff and defendant were formerly husband and wife, the marriage being dissolved by divorce on November 1, 1965, and recorded at May

term, 1965, no. 1500, in the Court of Common Pleas of Lycoming County.

2. During their marriage, plaintiff and defendant became the owners of the property known as 946 Park Avenue, Williamsport, Pa., as tenants by the entireties.

3. On September 30, 1965, plaintiff and defendant entered into a separation agreement.

4. Upon the decree of divorce on November 1, 1965, plaintiff and defendant became tenants in common by operation of law (Act of May 17, 1949, P. L. 1394, 68 PS §501, et seq.), with their rights as to residence and partition controlled by the separation agreement.

5. Paragraph 5 of the separation agreement states that "Carmelina J. Vicchiarelli shall have the sole right of residence therein."

6. Paragraph 8 of the separation agreement provides that the parties waived their rights to partition the real estate unless and until the other party failed to keep up the installment payments on his or her respective obligation, or unless and until the party seeking the partition had paid in full his or her respective obligation to the Veteran's Administration or to the First National Bank of Montoursville, Pa.

7. Plaintiff, having paid in full the mortgage to the First National Bank of Montoursville, Pa., is entitled to partition of the real estate.

## DISCUSSION

The agreement signed by the parties is controlling; it is valid, enforceable and clearly understandable. There is no merit to plaintiff's argument that the agreement lacked mutuality of obligation. We find that, under the terms of the agree-

ment, plaintiff is entitled to the partition prayed for in the complaint.

The following well-defined and fundamental cannons of construction guide the trial judge is construing the terms of the contract:

" '. . . "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles." (Citations omitted.) "Contracts must receive a reasonable interpretation, according to the intention of the parties at the time of executing them, if that intention can be ascertained from their language.' " (Citing cases.)

"Moreover, in ascertaining intent, effect must be given to all the provisions of the written contract. [Citations omitted.] 'In a written contract the intent of the parties is the writing itself and when the words are clear and unambiguous the intent is to be determined only from the express language of the agreement.' [Citation omitted.]": Bobali Corp. v. Tamapa Co., 235 Pa. Superior Ct. 1, 340 A.2d 485 (1975).

It is clear from the provision for revival of the right to partition, contained in paragraph 8 of the agreement, that the parties intended the sole right of residence to terminate once one of the parties satisfied his or her obligation and petitioned the court for partition of the property. It would be an unreasonable interpretation in conflict with the accepted and plain meaning of the language used to find that the parties intended the property to be subject to a life estate at the time of partition.

The phrase "sole right of residence" cannot reasonably be understood as describing a "life estate." The term "life estate" was nowhere mentioned in

the agreement, and the testimony is conflicting as to whether such was ever discussed. While the agreement did not specifically state the duration of defendant's "sole right of residence," the intent of the parties as manifested in the agreement in paragraph 8 was that defendant should have the right to live in the house at least until plaintiff paid off the obligation to the First National Bank of Montoursville. At such time, the agreement clearly provides that plaintiff shall have the right to bring partition proceedings, as he has now done.

Accordingly, we make the following

## CONCLUSIONS OF LAW

1. Equity has jurisdiction of the parties and the subject matter.

2. Defendant has the right of sole residence in the property located at 946 Park Avenue, Williamsport, Pa., until such time as the property is partitioned.

3. Partition is hereby decreed and a trustee shall be appointed when the property value is proven.

## DECREE NISI

And now, December 24, 1975, it is ordered and directed that partition be and is hereby granted; plaintiff to produce evidence of the property value within 20 days of the date upon which this decree becomes final. When such proof is presented, a trustee will be appointed.

The prothonotary is directed to enter this decree nisi and to give notice to the parties, or their counsel of record, of the date of the entry of this decree, and if no exceptions are filed within 20 days thereafter, the decree shall be entered as a final decree by the prothonotary on praecipe.